ANDRÉ BIROTTE, JR.
United States Attorney
WILLIAM C. PEACHEY
Assistant Director
Office of Immigration Litigation
YAMILETH DAVILA
Senior Litigation Counsel
REBECCA HOFFBERG PHILLIPS
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
    P.O. Box 878
    Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-7052
    Fax:   (202) 616-4950
    rebecca.h.phillips@usdoj.gov
Attorneys for RESPONDENT
Eric H. Holder, Jr., U.S. Attorney General

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GONZALEZ-VALDIVIA, ) | Case No. 2:13-cv-09480-R-AJW |
|        Petitioner, ) | |
|      vs. ) | Hon. Andrew J. Wistrich |
| ERIC H. HOLDER, JR., ) | |
| U.S. Attorney General, ) | PRIVACY ACT AND |
|        Respondent. ) | PROTECTIVE ORDER |
| ) | Hearing Date: N/A |
| ) | Discovery Cutoff: June 16, 2014 |
| ) | Pre-trial Conf: October 20, 2014 |
| ) | Trial Date: TBD |

Pursuant to Respondent's ex parte application filed on June 17, 2014, and for good cause appearing, IT HEREBY ORDERED that:

A.  Respondent is directed to produce to Petitioner unredacted copies of any nonprivileged documents in its possession, custody, or control that are relevant to any party's claims or defenses that are otherwise protected from disclosure pursuant to the Privacy Act.  See 5 U.S.C. § 552a(b)(11).

B.  Such disclosure is subject to the following conditions:

1.  This Protective Order will govern the entirety of any birth certificate, passport record, alien file or any other document that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2.  To the extent any documents or records to be provided by the federal government contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order.  All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. Counsel for Respondent shall designate documents containing confidential information as confidential by placing the words "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

PROTECTED

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE FERNANDO GONZALEZ-VALDIVIA V. ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL, CASE (2:13-cv-09480-R-AJW). THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the litigation of this action:

   a. Counsel for Petitioner, Petitioner, counsel for Respondent, Respondent, and any support staff of such counsel assisting in this action;

   b. The Court and its personnel, including court reporters;

   c. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of

information or records produced subject to this Protective Order;

    d.    Expert witnesses or consultants retained by Petitioner or Respondent;

    e.    The author of the document or the original source of the information; and

    f.    any Court of Appeals and its personnel, in the event of an appeal.

5.    Upon the signing of this Order by the Court, redactions made by counsel for Respondent, if any, to the documents marked "COVERED BY PROTECTIVE ORDER" will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material. Petitioner reserves the right to file a motion to compel for any redacted information.

6.    All persons listed in Paragraph 4(A) above to whom identifying information is disclosed are prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(B)-(F) above, any confidential information, except as provided in this Protective Order.

7.    All persons listed in Paragraphs 4(C) and (D) above, to whom identifying information is disclosed, shall first be required to read the terms of this

Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby.  The signed Acknowledgment forms shall be maintained by counsel for the Petitioner or counsel for the Respondent.

        8.     Leave is hereby granted to file under seal with the Court any documents which contain materials subject to this Order, unless a release is obtained from the third-party to whom the materials pertain, authorizing the disclosure of such information.

        9.     No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made.  Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal.  Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

        10.    Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such

material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

      11.    Within thirty (30) days of the final conclusion of this litigation, including any appeals, counsel for Petitioner shall collect all documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Respondents pursuant to the terms of this Protective Order. Alternatively, counsel for Petitioner shall destroy said documents by shredding them and provide counsel for Respondent with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

12. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

13. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

14. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

15. Petitioner may seek written consent authorizing the release of information from his family or relatives as it relates to their third party information (Privacy Act Waiver). Disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party.

16. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

17. This Order shall be binding upon any present and future party to the <u>Fernando Gonzalez-Valdivia v. Eric H. Holder, Jr., U.S. Attorney General</u>, (CV 2:13-cv-09480-R-AJW) litigation.

18. This Order shall be effective and enforceable upon its signature by counsel and by the Court.

IT IS SO ORDERED.

DATED: June 18, 2014

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE